**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CRAIG HIGHFILL,

               Petitioner,

vs.                                          No. CV 18-00715 RB/SCY

RICARDO MARTINEZ, WARDEN,
and STATE OF NEW MEXICO,

               Respondents.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2254 Proceedings on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Craig Highfill. (Doc. 1.) The Court dismisses the Petition under Rule 4 of the Rules Governing Section 2254 Proceedings on the grounds that two of the claims are barred by the one-year statute of limitations and Highfill is not entitled to § 2254 relief.

**I.       Factual and Procedural Background**

Highfill was indicted by a New Mexico Grand Jury on six counts of sexual exploitation of children (manufacturing), two counts of attempted sexual exploitation of children, two counts of voyeurism, and five counts of tampering with evidence. The Court has reviewed the official record in Highfill's state court proceedings, State of New Mexico cause no. D-202-CR-2015-00640, through the New Mexico Supreme Court's Secured Online Public Access and takes judicial notice of the official New Mexico court records. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand). On November 6, 2015, Highfill entered into a Plea and Disposition Agreement and pled guilty to sexual

exploitation of children (manufacturing), a second-degree felony under New Mexico law. (Doc. 1 at 18.) The Plea and Disposition Agreement provided that Highfill would be subject to an indeterminate period of probation and parole of between 5 and 20 years. (*Id.*) Highfill was sentenced on February 16, 2016.

At the sentencing hearing, the Court imposed a sentence of nine years and suspended all but three years to be served in the custody of the New Mexico Department of Corrections. (*Id.* at 18–19.) The Court incorrectly made an oral statement that Highfill would serve a two-year parole term following his release from custody, but correctly advised him that he would be subject to an indeterminate period of supervised probation of between 5 and 20 years. (*Id.* at 19.) Judgment was entered on his conviction and sentence on February 25, 2016.[1] The Judgment provided that Highfill "shall be placed on parole for an indeterminate period of not less that five (5) years and not more than twenty (20) years pursuant to § 31-21-10.1, NMSA 1978, and that he shall also be placed on concurrent supervised probation for an indeterminate period of not less than five (5) and not more than twenty (20) years pursuant to § 31-20-5.2, NMSA 1978." (*Id.*) Highfill did not appeal the Judgment.

Highfill filed a state petition for writ of habeas corpus on April 4, 2017. In his first petition, Highfill contended that (1) the imposition of concurrent indeterminate periods of probation and parole are unconstitutional deprivations of his rights to due process of law and to be free from double jeopardy, and (2) his attorney provided ineffective assistance of counsel by failing to inform him of the conditions of probation and parole. (Doc. 1 at 19.) The state court summarily denied the habeas corpus petition on April 4, 2017. (*Id.* at 18.) The state court determined that his due

---

[1] The Judgment was filed with the Court on February 24, 2016 but was entered on the docket on February 25, 2016. The Court uses the latter date for purposes of this Memorandum Opinion and Order.

process claim failed because the probation and parole terms imposed by the court were mandated by statute, NMSA 1978, §§ 31-31-20-5.2(A) and 31-21-10.1(A). (*Id.* at 20.) The state court also rejected his double jeopardy argument because parole and probation terms are considered to be part of one sentence under New Mexico law. (*Id.*) *See also State v. Acuna*, 705 P.2d 685 (N.M. Ct. App. 1985). The state court also ruled that he had failed to make a *prima facie* claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). (Doc. 1 at 20–21.) The New Mexico Supreme Court denied certiorari to review the state district court's decision on August 31, 2017. (*Id.* at 25.)

Highfill filed a second state habeas corpus petition on July 17, 2017, and a motion to amend that petition on July 31, 2017. The motion to amend was denied and the second petition was summarily dismissed by the state district court on October 31, 2017. (*Id.* at 23.) The state court ruled that his claim regarding his obligation to register under the Sex Offender Registration and Notification Act was barred by his failure to raise it in his prior habeas corpus petition. (*Id.*) The Court also ruled that his claim related to probation or parole condition of his residence did not state a claim for relief because he had agreed to the residence condition, as memorialized in his Plea and Disposition Agreement, the Judgment, and an Order of Probation. (*Id.* at 23–24.) The New Mexico Supreme Court denied certiorari on November 17, 2017. (*Id.* at 26.)

Highfill filed his § 2254 Petition in this Court on July 26, 2018. (Doc. 1.) Highfill's Petition challenges his conviction and sentence in New Mexico cause no. D-202-CR-2015-00640. (*Id.* at 1.) In his Petition, he asserts three grounds for relief:

> Ground One: Over enforcement of the two (2) year parole term imposed upon Petitioner during the sentencing hearing held February 16, 2016 . . .
>
> Ground Two: Over enforcement due to improper notification to Petitioner of the requirements to register under the SORNA Act. . .

> Ground Three: Petitioner has been prejudiced by the Adult Parole and Probation Board (APPB) due to failure to comply with a Court order on Petitioner's Special Conditions of Parole and Probation.

(*Id.* at 5–8.) As a factual basis for his first claim, Highfill alleges:

> In the sentencing hearing of February 16, 2016, it appears very clear the intent of a two (2) year parole term was sentenced by the Court and recorded in the official Court transcript. . . if this was an error, the State did not object nor act to clarify the term . . . the Court admits the 'Erroneously orally ordered' mistake of two (2) years parole, but does not address a remedy as how to correct this error.

(*Id.* at 5, 16.) In support of his second claim, Highfill states:

> The State, through it's Attorney General's Office, entered SORNA as a 'Penalty' in the Plea Agreement but again failed to include any statute or consequences of SORNA or what would apply anywhere in the Agreement . . .Most important, since the District Court Judge ordered compliance of Section 29-11A-1 and it's provisions, to this very date Petitioner awaits the Courts compliance of 29-11A-7(A) and specifically 29-11A-7(A)(9). Petitioner has never received a 'written notice' of his duty to register when he received his Judgment and Sentence document after being at his incarcerated facility . . . ."

(*Id.* at 7, 27.) For his third claim, Highfill alleges:

> The Court's failure to enforce it's own order against the APPB . . . the third special condition ordered to return and continue to reside at his current residence since 1998 was denied by APPB . . . . . Because the Court removed this authority from APPB, Petitioner believes APPB has overstepped its authority, is in contempt of a court order and has caused Petitioner financial and emotional burden.

(*Id.* at 8, 28.) Highfill asks the Court to "[u]phold the two (2) year parole term as sentenced by the Court, uphold a term of no more than a 10 year SORNA registration period and award damages unduly caused by the Adult Parole and Probation Board's non-compliance with Court order." (*Id.* at 15.)

## II.    The Law Governing § 2254 Claims

Highfill seeks federal habeas corpus relief. A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application "shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defer to those reasons if they are reasonable." *Wilson v. Sellers*, 584 U.S. ___, 138 S.Ct. 1188, 1192 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it

"confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Williams*, 529 U.S. at 405–06. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams,* 529 U.S. at 407–08. A District Court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly—the application must also be unreasonable. *Id.* at 411; *Harrington*, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington*, 562 U.S. at 102.

Habeas corpus relief is only available where the petitioner contends his custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The federal courts cannot grant habeas relief for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). If the state court did not follow its own rules, this error will not give rise to habeas relief unless failure to follow the rules also constituted a violation of due process guaranteed by the

federal constitution. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980); *Aycox v. Lytle*, 196 F.3d

1174, 1180 (10th Cir. 1999).

Petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism

and Effective Death Penalty Act ("AEDPA") are governed by a one-year statute of limitations. 28

U.S.C. § 2244(d). Section 2244(d)(1) states:

> A one-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides: "The time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.

§ 2244(d)(2). The one-year AEDPA statute of limitations for filing a § 2254 petition runs from the

time the conviction becomes final and is subject to statutory tolling. *See* 28 U.S.C. § 2244(d). This

one-year statute of limitations is tolled while "a properly filed application for [s]tate post-

conviction" relief is "pending." *See id.* § 2244(d)(2). Until a state habeas petition "has achieved

final resolution through the state's post-conviction procedures, by definition it remains 'pending.'"

*Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Holland v. Florida*, 560 U.S. 631, 635,

638, (2010).

To determine the point at which a petitioner's state habeas proceedings become complete, the Court looks to the state's procedural rules. *See Wade v. Battle*, 379 F.3d 1254, 1260–62 (11th Cir. 2004). The one-year statute of limitations clock begins to run again when the proceedings on the state habeas corpus petition are finally concluded. *Holland*, 560 U.S. at 638 (state habeas corpus proceedings were concluded and statute of limitations clock began to tick when the State Supreme Court issued its mandate). A § 2254 petition filed after the one-year period has expired is time-barred. 28 U.S.C. § 2244(d). Dismissal of a § 2254 habeas corpus petition on the grounds that it is time-barred properly proceeds under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1290 (10th Cir. 2001).

The one-year statute of limitations may be subject to equitable tolling. Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

## III.  Analysis

### A.  The Parole/Probation and SORNA Claims are Barred by the One-Year Statute of Limitations

Highfill's claims are barred by the one-year statute of limitations. The claims regarding his parole and probation term and the requirement of SORNA registration were available to him from the time the Judgment was entered in his criminal case on February 26, 2016. The limitation period of § 2244(d)(1)(A) is the applicable period in this case. The one-year period governing those

§ 2254 claims, then, arguably began to run on March 28, 2016, after the time for taking an appeal from the February 25, 2016 Judgment expired. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); Rule 12-201(A)(2) NMRA. The one-year statute would have run one year later in March 2017.

After the Judgment became final on March 28, 2016, a period of 372 days elapsed before Highfill's filed his first petition for writ of habeas corpus on April 4, 2017. The first habeas corpus petition would be treated as a tolling motion for purposes of the one-year limitations period. *See Carey*, 536 U.S. at 219–20; *Holland*, 560 U.S. at 635, 638. However, the one-year period had already expired prior to the filing of the first petition. 28 U.S.C. § 2244(d)(1). His parole/probation claims and his SORNA claims are barred by the one-year statute of limitations.

Further, even if the statute of limitations had not run on his parole/probation and SORNA claims prior to the filing of his state habeas corpus petitions, his claims are still time-barred. The limitations period would have begun to run again on those claims after the New Mexico Supreme Court denied certiorari to review his second petition on November 17, 2017. *Holland*, 560 U.S. at 638. Highfill's § 2254 Motion for writ of habeas corpus was not filed in this Court until July 26, 2018. An additional 251 days elapsed between the New Mexico Supreme Court's denial of certiorari to review his second habeas petition and the filing of his federal § 2254 petition. The combined time of 623 days between finality of his judgment and his first state habeas petition and between denial of his second state habeas petition clearly bar his § 2254 parole/probation and SORNA claims.

No basis appears in the record for equitable tolling of the statute of limitations. In his § 2254 petition, Highfill acknowledges that his federal Petition may be untimely. (Doc. 1 at 13.) He asserts that he has been diligently pursing his rights, but that lack of legal knowledge, lack of

resources in the prison, and difficulty obtaining assistance with records since his release from incarceration have delayed his filing. (*Id.* at 14.) However, Highfill's ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance with copies do not excuse the failure to file within the statutory time-period. *See Miller*, 141 F.3d at 977–78. Therefore, Highfill's claims under 28 U.S.C. § 2254 regarding his parole/probation terms and SORNA registration are barred by the statute of limitations under § 2244(d).

### B.      Highfill is Not Entitled to § 2254 Relief

Highfill's first issue is that he should have been given a two-year parole term, as mistakenly stated by the state judge at the sentencing hearing, rather than the 5 to 20 year indeterminate parole term imposed by the state court in the Judgment and Sentence. (Doc. 1 at 5.) Highfill raised the issue of the parole term in his first state habeas corpus case. (*Id.* at 18–20.) In dismissing his claim, the state court acknowledged the misstatement made at the sentencing hearing. (*Id.* at 19.) The judge noted that under New Mexico law, the fixing of penalties is exclusively a legislative function, not subject to judicial discretion, and New Mexico statutes mandatorily require the 5 to 20-year indeterminate probation and parole terms imposed in the Judgment and Sentence. *See* NMSA 1978, §§ 31-31-20-5.2(A), 31-21-10.1(A)(1). (Doc. 1 at 19–20.) The Court also concluded that because the probation and parole terms are considered to be part of one sentence, the imposition of concurrent 5 to 20-year indeterminate terms of probation and parole did not violate Highfill's right to be free from double jeopardy. (*Id.* at 20.)

The state court's ruling on Highfill's first issue is not contrary to, and does not involve an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States. *Williams*, 529 U.S. at 405–06. Neither the state court's reasoning nor the court's result contradicts established federal law that increased penalties for probation or parole

10

do not violate the double jeopardy clause of the United States Constitution. *See, e.g.*, *United States v. Difrancesco*, 449 U.S. 117, 137–41 (1980);. *see also United States v. Kusk,* 573 F.3d 25 (10th Cir. 1978). Highfill is not entitled to habeas corpus relief on his parole claim.

Highfill's second issue challenges the registration requirement under SORNA. (Doc. 1 at 7.) He appears to argue that he has not been afforded due process in the form of notification and explanation of the registration requirement. (*Id.* at 7, 27.) Highfill raised the SORNA registration requirement in his second state habeas corpus petition. (*Id.* at 23.) In ruling on his second petition, the New Mexico court concluded that Highfill's claim was procedurally barred by his failure to raise it in his first state petition. (*Id.*) The state court stated "Petitioner has failed to comply with Rule 5-802(B)(4) NMRA by providing 'a statement of why the claim now being raised was not raised in such prior proceeding or how the claim now being raised differs from a claim raised in those proceedings.'" (*Id.*) The state court's rejection of Highfill's SORNA issue on procedural grounds serves as a bar to habeas corpus relief on the issue in this Court. *Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991). "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson,* 501 U.S. at 729–30 (citations omitted). The state court's judgment rests on independent and adequate state procedural grounds, barring Highfill's claim in this Court.

Highfill's last issue involves the New Mexico Parole Board's alleged non-compliance with the residency requirement that he reside at 12800 Comanche #57, Albuquerque, New Mexico, imposed by the state court in the Judgment and Sentence. (Doc. 1 at 8.) The state court rejected his argument on this issue in his second habeas corpus case. (*Id.* at 23–24.) The state court found

that the residency provision had been part of Highfill's Plea and Disposition Agreement, was included in the Judgment, and was the subject of an agreement entered into between Highfill and the New Mexico Probation and Parole Division. The provision allowed either party to petition the court to revisit the condition, but neither party had requested the court modify the provision. (*Id.* at 24.) The state court concluded that, to the extent Highfill was trying to assert a claim as to the constitutionality or legality of the condition related to his residence, "[he] has failed to articulate a claim or basis for relief as a matter of law, especially since he agreed to the condition in the Plea and Disposition Agreement." (*Id.*)

The state court's conclusion that Highfill had not stated a constitutional claim for relief is consistent with and a reasonable application of law to the facts of his case. Neither in his state habeas petition nor in this Court does Highfill claim that the Probation and Parole Board's actions are in violation of the U.S. Constitution. Habeas corpus relief is only available where a person in custody pursuant to the judgment of a State court claims that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Highfill is not eligible for habeas corpus relief on his residency requirement claim. *Hicks*, 447 U.S. at 346.

The Court further notes that Highfill's address of record is the same 12800 Comanche #57, Albuquerque, New Mexico address as the residency requirement in the Court's Judgment and Sentence and Order of September 26, 2017. (Docs. 1 at 24; 3–5.) Highfill is not "in custody" for purposes of the third issue and there is no habeas corpus relief the Court can grant that would remedy his claim. *Estelle*, 502 U.S. at 67. Highfill appears to claim monetary damages for the Probation Board's actions.  His prayer for relief requests that the Court "award damages unduly caused by the Adult Parole and Probation Board's non-compliance with the Court's order." (Doc. 1 at 15.) If Highfill seeks damages, he may not do so in this proceeding but, instead, must file a

separate civil rights proceeding.[2] Highfill is not eligible for habeas corpus relief. *Estelle,* 502 U.S. at 67.

Under Rule 11 of the Rules Governing Section 2254 Cases, because Highfill has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED:**

**(1)** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Craig Highfill (Doc. 1) is **DISMISSED** on the grounds that it is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d) and Petitioner is not entitled to § 2254 relief; and

**(2)** a certificate of appealability is **DENIED**.


_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[2] The Court expresses no opinion as to the merits of any civil rights claim.